Anna C. Newberry v. Commissioner. May I. C. Baker v. Commissioner.
Newberry v. Commissioner
Docket Nos. 3901, 3926.
United States Tax Court
1945 Tax Ct. Memo LEXIS 285; 4 T.C.M. (CCH) 262; T.C.M. (RIA) 45077; February 27, 1945
Marvin Lyons, Esq., 15 Broad St., New York, N. Y., for petitioner, Anna C. Newberry. Edward J. O'Connor, Esq., for petitioner, May I. C. Baker. William F. Evans, Esq., for respondent. HILL Memorandum Findings of Fact and Opinion HILL, Judge: The Commissioner *286 determined deficiencies in income tax as follows: Docket No.
Year
Deficiency
3901
1939
$ 549.27
1940
1,336.38
3926
1939
132.97
1940
286.60
1941
277.04
The sole issue is whether property inherited by petitioners was held by them for the production of income so as to permit deduction of maintenance expense and depreciation thereon. [The Facts] The facts are found as stipulated. A summary of them is as follows: The petitioners resided in New York during the years involved and filed their income tax returns with the collector of internal revenue for the third district of New York. Their father died on June 13, 1937, and at the time of his decease lived at and was the owner of "Braeview," a country estate consisting of a residence, several buildings, personal property connected therewith and 12 1/2 acres of land. The father's will devised and bequeathed to his daughter, May I. C. Baker, either the "Braeview" property or the sum of $75,000. As a result of her decision to take the $75,000 the property went into the residuary and was inherited equally by petitioner Anna C. Newberry and May I. C. Baker. The petitioners never occupied the property *287 and immediately offered it for sale. They did not offer it for rent because they believed and were advised that rental of the property might result in impairing its sale value. Their primary concern was to hold it for sale at the highest possible price and they never held it for personal use. The property was sold in March 1943. The proposed deficiencies arise out of their claim for deduction of expenses of repairs and upkeep on the property in 1940, and also depreciation on the property for the years 1939 and 1940 as to petitioner Anna C. Newberry and for the years 1939, 1940 and 1941 as to the petitioner May I. C. Baker. The deductions, if allowed, are not disputed in amount. It is conceded that there was an understatement of taxable income for the year 1940 in the case of Anna C. Newberry in the amount of $181.17. The sole question presented is whether maintenance expenses and depreciation on property inherited by petitioners and never used by them for residential purposes but held for sale are deductible as non-trade or non-business expenses within the meaning of section 23(a)(2) and (1) (2) of the Internal Revenue Code, [1] as amended by section 121 of *288 the Revenue Act of 1942. In Mary Laughlin Robinson, 2 T.C. 305, where the taxpayer had abandoned her home in 1931 due to the establishment of a home elsewhere and where she had made unsuccessful efforts to rent or sell the property, we held that section 23(a)(2) and (1) (2) required the allowance of the deduction of expense of maintenance and depreciation upon the property. We had written an earlier decision in that case that such residence could not be deemed to have been appropriated to business use so as to entitle the taxpayer to the deductions as business expenses under section 23(a)(1). The Circuit Court affirmed that prior decision and remanded the case with leave to consider the applicability of section 23(a)(2), added by section 121 of the Revenue Act of 1942. Robinson v. Commissioner, 134 Fed. (2d) 168. On remand we said that under the language of that section "the property * * * no longer need be converted into business property as a prerequisite to allowable deductions." Although it is true that the garage which was separate from the residence had been rented to the caretaker of the premises for $25 a month, the decision did not rest on that factor. *289 We found that the abandonment of the property as a residence and the listing of it for rent or for sale with real estate firms was an appropriation of it to income-producing purposes. Regulations 103, as amended to cover section 121 of the Revenue Act of 1942, provides in part: The term "income" for the purpose of section 23 (a) (2) comprehends not merely income of the taxable year but also income which the taxpayer has realized in a prior taxable year or may realize in subsequent taxable years; and is not confined to recurring income but applies as well to gains from the disposition of property. For example, if defaulted bonds, the interest from which if received would be includible in income, are purchased with the expectation of realizing capital gain on their resale, even though no current yield thereon is anticipated, ordinary and necessary expenses thereafter incurred in connection therewith are deductible. Similarly ordinary and necessary expenses incurred in the management, conservation or maintenance of a building devoted to rental purposes are deductible notwithstanding that there is actually no income therefrom in the taxable year, and regardless of the manner in which *290 or the purpose for which the property in question was acquired. Expenses incurred in managing, conserving, or maintaining property held for investment may be deductible under this provision even though the property is not currently productive and there is no likelihood that the property will be sold at a profit or will otherwise be productive of income and even though the property is held merely to minimize a loss with respect thereto. *291 * * * * *
Ordinary and necessary expenses in connection with the management, conservation, or maintenance of property used as a residence by the taxpayer or acquired by him for such use are not deductible, even though the taxpayer makes efforts to sell the property at a profit or to convert it to income-producing purposes, and even though the property is not occupied by the taxpayer as a residence unless prior to the time that such expenses are incurred the property has been rented or otherwise appropriated to income-producing purposes by some affirmative act and has not been reconverted. The petitioners never used this property for residential purposes nor did they acquire it for such use. From the time they received the property petitioners have held it solely for investment. In defining the word "income" as used in the phrase "property held for the production of income" the Senate Finance Committee (Senate Report No. 1631, 77th Cong., 2d Sess., 1942-2 CB 571) and the Regulations declare that it is "not confined to recurring income but applies as well to gains from the disposition of property." We can not see why a different result should be reached in this *292 case from that of the Robinson case merely because the property here was held solely for sale and not for rent. Decision will be entered under Rule 50 in Docket No. 3901. Decision will be entered for petitioner in Docket No. 3926. Footnotes
1. By section 121 (d) of the Revenue Act of 1942, these amendments were made applicable to taxable years beginning after December 31, 1938. In computing net income there shall be allowed as deductions: SEC. 23. DEDUCTIONS FROM GROSS INCOME. (a) Expenses - * * * * *
(2) Non-trade or non-business expenses. - In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income. * * * * *
(1) Depreciation. - A reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence) - * * * * *
(2) of property held for the production of income.↩